IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORBIN D. JONES, # 01-30-1989-46, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-349-JPG |
| | ) |
| JENNIFER ROBERTS, | ) |
| LT. HAYNES, | ) |
| LT. BONNIE MAY, | ) |
| C/O SPARTEGUES, | ) |
| CAPT. MOUNT, | ) |
| C/O JEFF CLARK, | ) |
| NURSE SHIRLEY, | ) |
| DR. PAULIUS, | ) |
| C/O FORTAG, | ) |
| C/O EDWARDS, | ) |
| DEPUTY TRAVIS SCOTT, | ) |
| C/O CONWAY, | ) |
| and C/O McKINNIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for review of Plaintiff's First Amended Complaint (Doc. 16). This amended pleading was timely filed on June 20, 2017, at the direction of the Court, after the original Complaint was dismissed for noncompliance with Federal Rule of Civil Procedure 8. (Doc. 14). In the dismissal order, Plaintiff was instructed to "present each claim in a separate count," using the numbered counts (Counts 5-11) as designated by the Court in Doc. 14, and to specify each Defendant by name who was alleged to be liable under the count. (Doc. 14, p. 11).

In the June 12, 2017, order that directed Plaintiff to file the First Amended Complaint

1

(Doc. 14), the Court described Plaintiff's claims as follows:

> **Count 5:** Excessive force claim against the unidentified officers who arrested Jones on February 13 or 14, 2017, for applying handcuffs to Jones' wrists so tightly that his hands were swollen for several days;
>
> **Count 6:** Deliberate indifference claim against unidentified jail staff for the failure to provide Jones with medical testing for communicable diseases following his exposure to a cellmate's blood after the cellmate's suicide attempt;
>
> **Count 7:** Deliberate indifference claim against unidentified jail staff for the failure to provide Jones with cleaning supplies or to clean the areas in and near his cell that were contaminated with blood;
>
> **Count 8:** Deliberate indifference claim against Scott, Mount, Haynes, and Nurse Shirley for failing to provide Jones with medical treatment for burns and cuts on his arms sustained before his arrest;
>
> **Count 9:** First Amendment claim for the improper opening and destruction/loss of Jones' legal mail, against Edwards, Spartegues, Jeff, and Roberts;
>
> **Count 10:** Deliberate indifference claim against Haynes and Roberts for the failure to permit Jones to leave the cell for recreation;
>
> **Count 11:** Deliberate indifference claim against unidentified jail staff for placing Jones in a cell with insufficient heat, bedding, or clothing; exposing him to black mold, rusty drinking water, and insects; and serving him spoiled milk and soggy food.

The First Amended Complaint (Doc. 16) consisting of 20 pages, is much more concise than the original 70-page Complaint, but is somewhat disjointed and repetitive, and includes no reference to Counts 5-11. It also appears to include some extraneous material unrelated to this action, and includes references to dental problems and denial of access to religious services that were not included at all in the original pleading.

Complicating the review of the First Amended Complaint is the fact that on July 19, 2017, Plaintiff submitted what appears to be a proposed supplement to his First Amended Complaint. Plaintiff did not include any motion or explanation with this submission, but the Clerk docketed a motion to supplement the amended complaint (Doc. 18) when the material was

received. The documents have not been filed of record pending the Court's review. The proposed supplement consists of a Civil Cover Sheet, and 4 pages in which Plaintiff sets forth Counts 6, 7, 8, 9, 10, and 11, with the addition of several Defendants' names and some additional facts for each of these counts. It also includes a certificate of service.

The additional information in the proposed supplement would appear to help clarify and organize the First Amended Complaint, if the two documents were combined. However, a litigant is not permitted to submit pleadings in a piecemeal fashion (often referred to as amendment by interlineation) as Plaintiff has attempted to do here. Consistent with Federal Rule of Civil Procedure 8(a), amendment by interlineation is not permitted; all claims against all defendants must be set forth in a single document. Furthermore, the proposed supplement does not contain a case caption listing the parties and case number, nor did Plaintiff sign the document (he merely signed the certificate of service included after his list of Counts 6-11). It does not include most of the factual allegations that are set forth in the First Amended Complaint. Thus, the proposed supplement is insufficient to stand alone as an amended complaint. If the proposed supplement were to be filed, it would supersede and replace the Fist Amended Complaint, and because of its deficiencies, it would be subject to dismissal. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (amended complaint replaces the previous complaint, rendering the earlier pleading void). It does not appear that Plaintiff would desire this result. For these reasons, Plaintiff's proposed supplement to the First Amended Complaint shall not be filed of record. The motion to supplement amended complaint (Doc. 18) is **DENIED.**

In consideration of Plaintiff's attempt to supplement his amended complaint, he shall be allowed *one final* opportunity to submit a complete amended complaint. As he prepares his next amended pleading, he may combine his proposed supplement with the factual allegations he

presented in the First Amended Complaint.

Plaintiff is reminded, again, that unrelated claims against different Defendants shall be severed into separate cases, and a new filing fee shall be imposed, if the Court determines that the claims were improperly joined in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b), (g)).

## Other Pending Motions

The Court reserves ruling on the motion for service of process at government expense (Doc. 4) until such time as Plaintiff submits another amended complaint, if he chooses to do so.

Remaining on the docket is a motion for recruitment of counsel (Doc. 9) brought by former co-Plaintiff Lekedrieon Russell. Russell has been terminated from this action and his claims were severed into a separate case. The Clerk is thus **DIRECTED** to **TERMINATE** this motion (Doc. 9) on the docket.

## Disposition

**IT IS ORDERED** that, if Plaintiff wishes to include his proposed supplemental material into his operative complaint, Plaintiff shall do so by preparing a Second Amended Complaint that includes all factual allegations and statements of his claims in a single document. The proposed amended pleading must include a case caption, must be signed by Plaintiff, and must comply with Rule 8's requirement to present "a short and plain statement of the claim" with allegations that are "simple, concise, and direct."

The Second Amended Complaint, if Plaintiff chooses to file one, **SHALL BE FILED** within 21 days of the entry of this order (on or before October 11, 2017). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "Second Amended Complaint" and include Case Number 17-cv-

349-JPG. The amended complaint shall present each claim in a separate count, using the numbers as designated by the Court above. In each count, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. As noted above, if Plaintiff does not wish to pursue any of the claims designated as Counts 5-11, he may omit the claim(s) from the amended complaint.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the pleading. Thus, the Second Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other document. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

If Plaintiff does not file a Second Amended Complaint in accordance with the instructions set forth in this Order, the Court shall proceed to review the First Amended Complaint (Doc. 16), *without* the proposed supplementary material. Plaintiff is warned that he may incur a "strike" within the meaning of § 1915(g) if his complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the operative Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED**

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 19, 2017**

*s/J. Phil Gilbert*
United States District Judge