IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORBIN D. JONES, # 01-30-1989-46, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-349-JPG |
| ) | |
| JENNIFER ROBERTS, ) | |
| LT. HANES, ) | |
| LT. BONNIE MAY, ) | |
| C/O SPARTEGUES, ) | |
| CAPT. MOUNT, ) | |
| C/O JEFF CLARK, ) | |
| NURSE SHIRLEY, ) | |
| DR. PAULIUS, ) | |
| C/O FORTAG, ) | |
| C/O EDWARDS, ) | |
| DEPUTY TRAVIS SCOTT, ) | |
| C/O CONWAY, ) | |
| and C/O McKINNIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a merits review of Plaintiff's First Amended Complaint (Doc. 16). About a month after Plaintiff filed this pleading, he submitted a proposed "supplement." On September 19, 2017, the Court denied Plaintiff's implied motion to add the supplementary material to the First Amended Complaint in a piecemeal fashion. (Doc. 22). Plaintiff was then given the opportunity to submit a Second Amended Complaint in which he could incorporate the material in his proposed supplement, and he was ordered to file that amended pleading no later than October 11, 2017. Plaintiff's deadline has now passed, and he has not filed a Second Amended Complaint. The First Amended Complaint, without the

1

proposed supplementary information, is now subject to review under 28 U.S.C. § 1915A.

Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff has been released from custody, so he is not currently a prisoner. However, he was incarcerated at the Jefferson County Jail when this action was filed, thus the screening requirement of § 1915A as well as the other provisions of the Prison Litigation Reform Act ("PLRA") apply to Plaintiff's case. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (a plaintiff's status as a prisoner or non-prisoner for purposes of the applicability of the PLRA must be determined as of the time the lawsuit is filed) (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In the June 12, 2017, order that directed Plaintiff to file the First Amended Complaint (Doc. 14), the Court described Plaintiff's claims (based on the original Complaint which was dismissed) as follows:

> **Count 5:** Excessive force claim against the unidentified officers who arrested Jones on February 13 or 14, 2017, for applying handcuffs to Jones' wrists so tightly that his hands were swollen for several days;
>
> **Count 6:** Deliberate indifference claim against unidentified jail staff for the failure to provide Jones with medical testing for communicable diseases following his exposure to a cellmate's blood after the cellmate's suicide attempt;
>
> **Count 7:** Deliberate indifference claim against unidentified jail staff for the failure to provide Jones with cleaning supplies or to clean the areas in and near his cell that were contaminated with blood;
>
> **Count 8:** Deliberate indifference claim against Scott, Mount, Haynes, and Nurse Shirley for failing to provide Jones with medical treatment for burns and cuts on his arms sustained before his arrest;

> **Count 9:** First Amendment claim for the improper opening and destruction/loss of Jones' legal mail, against Edwards, Spartegues, Jeff, and Roberts;
>
> **Count 10:** Deliberate indifference claim against Haynes and Roberts for the failure to permit Jones to leave the cell for recreation;
>
> **Count 11:** Deliberate indifference claim against unidentified jail staff for placing Jones in a cell with insufficient heat, bedding, or clothing; exposing him to black mold, rusty drinking water, and insects; and serving him spoiled milk and soggy food.

When Plaintiff was ordered to file a First Amended Complaint, he was instructed to "present each claim in a separate count" in accordance with the designations above. (Doc. 14, p. 11). However, the First Amended Complaint does not refer to any of these numbered counts. He was also told to specify each Defendant by name who was alleged to be liable under each count. *Id.* Plaintiff does this for some of the claims, but not for others. The factual allegations in the First Amended Complaint are summarized below.

## The First Amended Complaint (Doc. 14)

Plaintiff had injured his arms and hands at work before he was arrested in February 2017 and confined at the Jefferson County Jail. He had severe razor blade cuts on his hands and painful acid burns. Every time Plaintiff washed his hands, skin would come off the burned areas. (Doc. 16, pp. 5, 10-11). He reported his need for medical treatment for these injuries to Lt. Hanes (sometimes referred to in the narrative as Haynes), Nurse Shirley, Lt. May, C/O Conway, C/O McKinnis, C/O Edwards, C/O Clark, C/O Fortag, C/O Spartegues, C/O Roberts, Scott, and Capt. Mount. (Doc. 16, pp. 5, 9, 15). However, they refused to do anything to treat Plaintiff's wounds. *Id.* Hanes told Plaintiff to put his hands into the water in the toilet bowl to relieve the pain, and Plaintiff did so for about 3 hours (possibly more than once) because he had no alternative. (Doc. 16, pp. 5-6). At some point Plaintiff was put into a padded room while jail staff waited for instructions from Dr. Paulius. Somebody then gave Plaintiff 2 tablets of Tylenol,

3

1 Cogentine tablet, and 1 Zyprexa tablet. (Doc. 1, p. 5).

Plaintiff was kept for 2 days in a "freezing cold holding cell" where he was not given sufficient clothing to keep warm. (Doc. 16, p. 9). He also mentions poor ventilation, bug infestations, exposure to communicable diseases, and water contamination. (Doc. 16, p. 17).

On a page dated April 11, 2017, Plaintiff states that he needed to have his wisdom teeth removed on both sides, top and bottom, and he had bleeding in his mouth from those areas. He reported this problem to Edwards, Hanes, and Nurse Shirley, but they refused to provide any medical care. (Doc. 16, pp. 13, 15).

He states that his "religious freedom right" was violated because he had not been allowed to attend a religious service. (Doc. 16, p. 13).

Plaintiff mentions an incident where others were given extra food, but does not explain further. *Id.* He also requested a T.B. shot but apparently did not receive it. (Doc. 16, p. 15).

Plaintiff's cell was contaminated with another inmate's blood after a suicide attempt, and was not properly cleaned. Somebody used "sewage water" and ammonia in a cleaning attempt, and this produced fumes that persisted and caused Plaintiff to feel nauseous because of the poor ventilation. (Doc. 16, p. 16). For 6 days between March 29 and April 4, 2017, Plaintiff requested cleaning supplies, but Hanes and Conway failed to provide any. The cellmate's blood exposed Plaintiff to Hepatitis C.

Finally, Plaintiff mentions "physical testing of prisoners bodies . . . for AIDS, Hepatitis C, HIV," which he was exposed to because of the blood left in the cell. (Doc. 16, p. 17). He notes problems with "privacy rights" . . . "such as my legal mail," and claims "[r]acial and ethnic discrimination." *Id.*

Plaintiff seeks money damages. (Doc. 16, p. 18).

**Discussion**

The factual allegations in the First Amended Complaint relate to Counts 6, 7, 8, 9, and 11. As shall be discussed further below, Counts 7 and 8 survive § 1915A review and shall be referred for further consideration against some Defendants. Counts 6, 9, and 11 shall be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff does not present any facts supporting Count 5 (excessive force during arrest) or Count 10 (denial of out-of-cell recreation), and the First Amended Complaint contains no reference at all to these claims. Therefore, Counts 5 and 10 shall be dismissed from the action without prejudice.

**Dismissal of Count 6 – Blood Tests**

In the original Complaint, Plaintiff claimed that he was exposed to the blood of a cellmate who attempted suicide. Some allegations regarding this incident also appear in the First Amended Complaint. (Doc. 16, p. 16). Plaintiff indicates that the cellmate had Hepatitis C, and may have been infected with other communicable diseases.

Plaintiff's original Complaint, as well as his notice of change of address (Doc. 21) indicate that Plaintiff was being held at the Jefferson County Jail as a pretrial detainee. He was released from custody after his criminal charges were dropped. (Doc. 21).

A pretrial detainee's claims relating to unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id*. As the Seventh Circuit explained:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to conditions claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). For 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). The objective element of such a claim requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second, subjective element focuses on the defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015)).

Exposure to a communicable disease, such as Plaintiff alleges in this case, may certainly pose a serious risk to an inmate's health. He states that the other inmate's blood was present in his cell and was not adequately cleaned. Plaintiff thus satisfies the objective element of a claim

for unconstitutional conditions of confinement.

However, Plaintiff fails to associate any named Defendant with his claim that he asked to be tested for exposure to Hepatitis C or any of the other communicable diseases, but somebody at the Jail refused to perform those tests. The original Complaint failed to identify any Jail official by name who denied testing.

Plaintiff has now been given two opportunities to submit an amended complaint to cure this defect, and he has failed to do so, despite being specifically instructed in two orders of this Court to name the individuals who are associated with each claim. (Docs. 14, 22). Because Plaintiff has not identified which person(s) failed to provide medical tests, **Count 6** fails to state a claim upon which relief may be granted, and shall be dismissed. The dismissal shall be with prejudice because Plaintiff's First Amended Complaint failed to comply with an order of this Court. (Doc. 14). *See* FED. R. CIV. P. 41(b); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal pursuant to Rule 41(b) is presumptively with prejudice).

### Count 7 – Failure to Provide Cleaning Supplies

The same legal standards outlined above in Count 6 apply to Plaintiff's claim in Count 7 for being subjected to unconstitutional conditions of confinement. This time, the First Amended Complaint identifies Hanes and Conway as the individuals who failed to provide Plaintiff with cleaning supplies between March 29 and April 4, 2017, after his cell became contaminated with the cellmate's blood. (Doc. 16, p. 16). Hanes and Conway saw the blood and Plaintiff informed them of the need to clean the cell, yet they failed to act. At this stage, the First Amended Complaint states a cognizable claim for deliberate indifference against Hanes and Conway in **Count 7** that shall receive further consideration.

### Count 8 – Denial/Delay of Medical Treatment

Like the conditions claims above, a pretrial detainee's claim for deliberate indifference to a serious medical need is considered under the Due Process Clause of the Fourteenth Amendment. Detainees are entitled to the same sort of protection against deliberate indifference as convicted inmates have under the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). To state a claim for deliberate indifference to medical needs, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

In Plaintiff's case, he describes razor cuts to his hands, and acid burns on his hands and arms that were visible and caused him severe pain. Those injuries satisfy the objective element that Plaintiff had a serious medical condition. Further, Plaintiff claims that he told Defendants Hanes, Shirley, May, Conway, McKinnis, Edwards, Clark, Fortag, Spartegues, Roberts, Scott,

and Mount about his injuries and pain, and requested them to get medical attention for him. Hanes told Plaintiff to put his hands into the toilet bowl water for relief. Some unnamed individual gave Plaintiff a small amount of medication, but Plaintiff claims that the Defendants named above either delayed providing him with medical treatment, or gave him no assistance at all. Plaintiff suffered significant pain while he waited for the Defendants to help him.

Based on these facts, Plaintiff may proceed with his deliberate indifference claim in **Count 8** against Hanes, Shirley, May, Conway, McKinnis, Edwards, Clark, Fortag, Spartegues, Roberts, Scott, and Mount, for failing to treat his burn and laceration injuries.

Dr. Paulius, however, shall be dismissed from this count and from the action without prejudice. Plaintiff does not describe having any contact with Dr. Paulius regarding treatment of his injuries, nor does he explain what Dr. Paulius did or failed to do regarding Plaintiff's need for treatment. He mentions only that other officials sought instructions from Dr. Paulius, and it appears that Plaintiff received medication as a result of those instructions. (Doc. 16, p. 5). Those meager facts do not support a deliberate indifference claim against Dr. Paulius.

Finally, Plaintiff included new factual allegations in the First Amended Complaint, which he omitted from the original Complaint, regarding bleeding in his mouth and his need to have wisdom teeth removed. According to Plaintiff, he asked Edwards, Hanes, and Shirley for treatment for this serious dental need. (Doc. 16, pp. 13, 15). These allegations suggest that these 3 Defendants were deliberately indifferent to the risk of harm to Plaintiff from leaving his bleeding wisdom teeth untreated. Therefore, this dental claim shall also go forward in **Count 8** against Edwards, Hanes, and Shirley.

### Dismissal of Count 9 – Legal Mail

In the First Amended Complaint, Plaintiff barely mentions issues with his legal mail. His

statement regarding this matter, in its entirety, is: "Privacy rights outside the fourth amendment privacy in personal property [sic]. Such as my legal mail." (Doc. 16, p. 17). This general comment fails to state a claim upon which relief may be granted. Moreover, Plaintiff fails to identify any Defendant by name who caused any problem with his legal mail, as he was instructed to do in previous orders of this Court. (Docs. 14, 22). Accordingly, **Count 9** shall be dismissed from this action with prejudice, for failure to state a claim and failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

### Dismissal of Count 11 – Cell Conditions

This claim arose from Plaintiff's allegations in the original Complaint that he had been held in a cell that lacked sufficient heat, bedding, and clothing; that he was exposed to black mold, rusty drinking water, and insects; and that he was served spoiled milk and soggy food.

The First Amended Complaint briefly touches on this claim. The most specific allegation is that Plaintiff claims he was held for 2 days in a "freezing cold holding cell" without sufficient clothing to keep warm. (Doc. 16, p. 9). Those facts could be enough to warrant further consideration of this claim, except that again, Plaintiff fails to associate with it any Defendant who was aware of the conditions yet failed to remedy the risk to Plaintiff's health. For that reason, Plaintiff fails to state a claim upon which relief may be granted as to the cold cell conditions.

Plaintiff briefly mentions the poor ventilation in his cell, including the exposure to ammonia fumes after a poor attempt to clean the cell after the cellmate's suicide attempt. (Doc. 16, pp. 16-17). It is not clear how long Plaintiff had to endure those conditions. Whether or not the ventilation problems rose to the level of a constitutional claim, Plaintiff again fails to name the individual(s) who did not act to correct the problem once they were informed of the risk.

Again, this omission means that Plaintiff has failed to state a claim upon which relief may be granted on the ventilation problems. The same is true as to the alleged bug infestations and contaminated water – Plaintiff gives no details on these problems or their duration, and does not say whether he informed a Defendant who then failed to remedy the conditions. (Doc. 16, p. 17).

Plaintiff's claim in **Count 11** shall be dismissed for failure to state a claim upon which relief may be granted. The dismissal shall be with prejudice because Plaintiff's failure to identify the associated Defendants by name was contrary to orders of this Court. *See* FED. R. CIV. P. 41(b); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

### Miscellaneous Claims

Plaintiff's references to other potential claims, such as denial of religious services and racial/ethnic discrimination, are too vague to state a civil rights claim upon which relief may be granted. These claims, and any others mentioned in the First Amended Complaint but not addressed in this Order, should be considered dismissed without prejudice.

### Pending Motion

Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendant.

### Filing Fee

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") in this action was granted on August 4, 2017, and he was ordered to pay an initial partial filing fee of $29.17 toward the total civil filing fee of $350.00. (Doc. 19). On August 9, 2017, a payment of $7.80 was received from Plaintiff's inmate trust account at the Jefferson County Jail. Plaintiff was released from jail on or about August 31, 2017, and he has made no further payment toward his

initial partial filing fee obligation.

Because Plaintiff was a prisoner when he filed this action, he is required under the PLRA to pay the entire $350.00 filing fee, in accordance with 28 U.S.C. § 1915(b)(1). That statute provides: "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *See also Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997). Section 1915(b)(1) further establishes that a prisoner must *pre*pay the filing fee in accordance with a statutory schedule based upon transactions in his inmate trust fund account. Plaintiff's current released status does not change the fact that he was a prisoner when he filed this action. *See Robbins*, 104 F.3d at 898. He "is liable for the whole fee (just like everyone else who proceeds IFP), and must prepay according to the statutory schedule." *Id.*

Plaintiff's initial partial fee payment of $29.17 was calculated based on the transactions in his prisoner trust fund account. Accordingly, Plaintiff is **ORDERED** to pay the remaining balance of his initial partial filing fee, in the amount of **$21.37,** within **21 DAYS** of the entry of this Order (**on or before November 20, 2017**). This payment shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. If Plaintiff fails to pay this partial fee within the time allotted, this action shall be dismissed under Federal Rule of Civil Procedure 41(b), unless Plaintiff demonstrates that he is not presently able to pay that amount. *See generally Robbins*, 104 F.3d at 897-98 (because the money was in the plaintiff's prison account when he filed suit, dismissal for failure to adhere to the statutory scheme does not violate § 1915(b)(4), which provides that a case may continue even if the prisoner is unable to pay anything).

While Plaintiff remains obligated to pay the full filing fee, the collection mechanism contained in § 1915(b)(2) is inapplicable because Plaintiff is no longer incarcerated. In order to

12

enable the Court to evaluate Plaintiff's current resources and determine whether to defer collection of the remainder of the unpaid fee, **Plaintiff is ORDERED** to submit a new motion for IFP **within 21 days** of the entry of this Order (**on or before November 20, 2017**). The Clerk is **DIRECTED** to mail Plaintiff a blank form motion and affidavit to proceed without prepaying fees or costs.

**Plaintiff is further ORDERED** to inform this Court if he is returned to the custody of any county or municipal jail, or the Illinois Department of Corrections, by filing a notice of change of address **within 7 days** of entering such custody. Should Plaintiff be incarcerated in the future, the collection mechanism established under § 1915(b)(2) shall apply to the payment obligation that Plaintiff incurred by filing this action.

## Disposition

**COUNTS 5 and 10** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 6, 9, and 11** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Defendant **PAULIUS** is **DISMISSED** from this action without prejudice.

As to **COUNTS 7 and 8,** the Clerk of Court shall prepare for Defendants **ROBERTS, HANES, MAY, SPARTEGUES, MOUNT, CLARK, SHIRLEY, FORTAG, EDWARDS, SCOTT, CONWAY,** and **McKINNIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 16), a copy of the Order at Doc. 14, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall

take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 30, 2017**

*s/J. Phil Gilbert*
United States District Judge